IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CARLOS TORRES,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN JUPITER et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 26-511-JLH-EGT |

**REPORT AND RECOMMENDATION**

Plaintiff Carlos Torres ("Plaintiff"), an inmate at the Eric M. Taylor Center in New York, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2).[1] Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). For the reasons set forth below, the Court recommends that (1) Plaintiff's excessive force claim against New Castle County Police Officers Nathan Jupiter and Mark Simonetti ("Defendants") under the Fourth Amendment be permitted to proceed and (2) Plaintiff's excessive force claim against Defendants under the Due Process Clause of the Fourteenth Amendment be DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

According to the Complaint, on August 24, 2024, Plaintiff was driving down a street in Bear, Delaware when he "accidentally hit or scraped" the front of Defendant Jupiter's vehicle. (D.I. 2 at 5). Plaintiff alleges that after he hit the vehicle, both Defendants "then fired their weapons (17 rounds) at [him] . . . [c]ausing [him] to crash into a parked vehicle." (*Id.*). Plaintiff claims that he "was NOT being pulled over or signaled to stop" and that he "did NOT intentionally

---

[1] Until recently, Plaintiff was an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware. (D.I. 8).

ram/collide" his vehicle into Defendant Jupiter's vehicle. (*Id.*). Plaintiff further alleges that neither Defendant was in danger and that no one was injured during the event except himself. (*Id.* at 6). Plaintiff filed this case on May 4, 2026, alleging that Defendants are liable under § 1983 for excessive force used during an unreasonable seizure under the Fourth Amendment. (*See generally id.*). Liberally construed, Plaintiff's Complaint also appears to raise an excessive force claim pursuant to the Due Process Clause of the Fourteenth Amendment. (*See id.* at 3).

## II. <u>LEGAL STANDARDS</u>

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provision of 28 U.S.C. § 1915, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Excessive Force Under the Fourth Amendment

To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that (1) a "seizure" occurred and (2) that the alleged seizure was "unreasonable." *See Curley v. Klem*, 499 F.3d 199, 203 n.4 (3d Cir. 2007); *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999). As alleged, the Complaint contains sufficient facts as to both requirements.

First, by alleging that Defendants shot at his vehicle after he "accidentally hit or scraped the front left side" of Defendant Jupiter's patrol car (D.I. 2 at 5), Plaintiff adequately alleges that

a "seizure" occurred within the meaning of the Fourth Amendment because the pleaded facts objectively manifest an intent to restrain Plaintiff. *See Torres v. Madrid*, 592 U.S. 306, 317-18 (2021) (holding that "seizure" occurred when officers fired weapons at fleeing vehicle); *see also Jefferson v. Lias*, 21 F.4th 74, 78 (3d Cir. 2021) ("Jefferson's shooting undoubtedly constituted a seizure."); *Curley*, 499 F.3d at 203 n.4 ("[T]here is 'no question' that a shooting constitutes a seizure under the Fourth Amendment."); *Abraham*, 183 F.3d at 288 ("Abraham obviously was 'seized' when shot."). And Defendants alleged actions constitute a "seizure" even if their attempts to restrain Plaintiff were "ultimately unsuccessful." *Torres*, 592 U.S. at 312, 326 ("[T]he application of physical force to the body of a person with intent to restrain is a seizure even if the person does not submit and is not subdued.").

Second, viewing the allegations as true and in the light most favorable to Plaintiff, the Complaint provides sufficient facts for the Court to reasonably infer that the alleged seizure was "unreasonable." "[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). The Supreme Court held in *Tennessee v. Garner* that the application of deadly force to a fleeing suspect is "constitutionally unreasonable" where the suspect poses no immediate threat to the officer and no threat to others. 471 U.S. 1, 11 (1985). Because the inquiry is very fact dependent, the reasonableness of Defendants' alleged actions is not appropriate to resolve on a motion to dismiss. *See Jefferson*, 21 F.4th at 79 (declining to reach the issue at summary judgment). At this pleading stage, the Complaint contains sufficient facts

for the Court to reasonably infer that the Defendant's actions were "unreasonable" within the meaning of the Fourth Amendment.[2]

**B. Excessive Force Under Due Process Clause of Fourteenth Amendment**

Liberally construed, Plaintiff's Complaint also appears to raise a due process claim for excessive force under the Fourteenth Amendment. (D.I. 2 at 3 (asserting "Fourth Amendment Due Process Excessive use of force")). But it is the Fourth Amendment that applies to excessive force used during an "an arrest, investigatory stop, or other 'seizure' of a free citizen" – not the Fourteenth Amendment. *Graham*, 490 U.S. at 395; *see also Leone v. Towanda Borough*, No. 3:12-429, 2012 WL 2590387, at *5 (M.D. Pa. July 3, 2012). In the excessive force context, the Fourteenth Amendment only comes into play when a plaintiff is a pretrial detainee. *See James v. York Cnty. Police Dep't*, 160 F. App'x 126, 131 (3d Cir. 2005). And Plaintiff does not allege any use of force after he was arrested, so any claim of excessive force under the Due Process Clause of the Fourteenth Amendment therefore fails. *See Brown v. Franks*, No. 4:22-CV-1156, 2023 WL 4004172, at *3 (M.D. Pa. June 14, 2023) ("[A]lthough Brown filed the instant lawsuit when he was a pretrial detainee, he was not a pretrial detainee at the time of his arrest, so the Fourteenth Amendment's Due Process Clause does not apply to his excessive force claim."); *Gulbronson v. Anderson*, No. 1:19-CV-156-AW-GRJ, 2020 WL 2737005, at *4 (N.D. Fla. Mar. 27, 2020)

---

[2] In his Complaint, Plaintiff does not mention that he was apparently fleeing from the police during the complained-of event. *See Torres v. State*, 350 A.3d 1226, at *1 (Del. 2025) (describing "an August 2024 incident in which Torres punched a friend and threatened to shoot him, drove his car directly at police officers arriving on the crime scene, fled from police, and crashed his car into another person's vehicle"). But the Court is confined to the allegations in the Complaint at the screening stage. And even if Plaintiff had included those details, the Court would still be unable to conclude that Defendants' alleged use of deadly force was necessarily reasonable. *See Tennessee v. Garner*, 471 U.S. 1, 11 (1985) ("The use of deadly force to prevent the escape of all felony suspects, whatever the circumstances, is constitutionally unreasonable.").

("Plaintiff was not a pretrial detainee merely because he was handcuffed when he was attacked, and, therefore, his Fourteenth Amendment due process claims must fail."), *report and recommendation adopted*, 2020 WL 2735387 (N.D. Fla. May 26, 2020). Those excessive force claims under the Fourteenth Amendment should therefore be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's (1) excessive force claims under the Fourth Amendment be permitted to proceed and (2) excessive force claims under the the Fourteenth Amendment be DISMISSED WITHOUT PREJUDICE. In the event that the Report and Recommendation is adopted, the undersigned will then issue a Service Order.

Plaintiff may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* Fed. R. Civ. P. 72(a); *see also* Fed. R. Civ. P. 6(d). Objections are limited to five (5) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: August 24, 2026

UNITED STATES MAGISTRATE JUDGE